

FILED
JUN 0 8 2006

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 05-30114 |
|  | * |  |
| Plaintiff, | * | JURY INSTRUCTIONS |
|  | * |  |
| -vs- | * |  |
|  | * |  |
| JUAN GERARDO ROJAS, | * |  |
|  | * |  |
| Defendant. | * |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

INSTRUCTION NO. __1__

Ladies and gentlemen of the jury, it is my duty now to explain the rules of law you must apply to this case.

You as jurors are the sole judges of the facts. But it is your duty to follow the law stated in these instructions, and to apply that law to the facts as you find them from the evidence before you. It would be a violation of your sworn duty to base your verdicts upon any rules of law other than the ones given you in these instructions, regardless of your personal feelings as to what the law ought to be.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

INSTRUCTION NO. _2_

You have been chosen and sworn as jurors to try the issues of fact presented by the allegations of the indictment and the denials made by the defendant in his pleas of "not guilty." You are to perform this duty without bias or prejudice, because the law does not permit jurors to be governed by sympathy or public opinion. The accused and the public expect that you will carefully and impartially consider all of the evidence and will follow the law as stated by the Court, in order to reach just verdicts, regardless of the consequences to any party.

INSTRUCTION NO. 3

The indictment in this case charges the defendant with three counts of aggravated sexual abuse of a child, two counts of assault with a dangerous weapon, one count of assault resulting in substantial bodily injury to a child, and one count of aggravated sexual contact with a child.

The defendant has pleaded not guilty to these charges.

As I told you at the beginning of the trial, an indictment is simply an accusation. It is not evidence of anything. To the contrary, the defendant is presumed to be innocent. Therefore, the defendant, even though charged, begins the trial with no evidence against him. This presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proves, beyond a reasonable doubt, each essential element of the crimes charged.

Keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

There is no burden upon the defendant to prove that he is innocent. Accordingly, the fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

INSTRUCTION NO. __4__

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

INSTRUCTION NO. _5_

I have mentioned the word "evidence." The evidence in this case consists of the testimony of witnesses, the documents and other things received as exhibits and the facts that have been stipulated -- that is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony and questions that I struck from the record, or told you to disregard, are not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, you were instructed that some evidence was received for a limited purpose only, and you must follow that instruction.

INSTRUCTION NO. _6_

There are two types of evidence from which you may find the truth as to the facts of a case--direct and circumstantial evidence. Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness; circumstantial evidence is proof of a chain of facts and circumstances indicating the guilt or innocence of the defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case. After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find the defendant not guilty.

INSTRUCTION NO. __7__

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

INSTRUCTION NO. _8_

The weight of the evidence is not necessarily determined by the number of witnesses testifying.  You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of a greater credence.  You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

INSTRUCTION NO. __9__

You have heard testimony from persons described as experts. A person who, by knowledge, skill, training, education or experience, has become an expert in some field may state opinions on matters in that field and may also state the reasons for those opinions.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

INSTRUCTION NO. _*10*_

The crime of aggravated sexual abuse of a child, as charged in Count I of the indictment, has four essential elements, which are:

1. That on or about between the 1st day of September, 2003, and the 30th day of November, 2003, Juan G. Rojas did voluntarily and intentionally cause or attempt to cause Ashleigh Picotte to engage in a sexual act, namely contact between his penis and her vulva. Contact involving the penis occurs upon penetration, however slight;

2. That at the time of the alleged offense, Ashleigh Picotte had not attained the age of 12 years;

3. That Juan G. Rojas is an Indian; and

4. That the alleged offense occurred in Indian Country.

For you to find the defendant guilty of this crime as charged in Count I of the indictment, the government must prove all of these essential elements beyond a reasonable doubt. Otherwise, you must find the defendant not guilty of this crime.

INSTRUCTION NO. _11_

The crime of aggravated sexual abuse of a child, as charged in Count II of the indictment, has four essential elements, which are:

1.   That on or about between the 1st day of June, 2005, and the 9th day of August, 2005, Juan G. Rojas did voluntarily and intentionally cause or attempt to cause Ashleigh Picotte to engage in a sexual act, namely contact between his penis and her vulva.  Contact involving the penis occurs upon penetration, however slight;

2.   That at the time of the alleged offense, Ashleigh Picotte had not attained the age of 12 years;

3.   That Juan G. Rojas is an Indian; and

4.   That the alleged offense occurred in Indian Country.

For you to find the defendant guilty of this crime as charged in Count II of the indictment, the government must prove all of these essential elements beyond a reasonable doubt. Otherwise, you must find the defendant not guilty of this crime.

INSTRUCTION NO. 12

The crime of assault with a dangerous weapon as charged in Count III of the indictment has five essential elements, which are:

1. That on or about between the 1st day of August, 2000, and the 30th day of November, 2003, the defendant without just cause or excuse voluntarily and intentionally assaulted Ashleigh Picotte with a dangerous weapon;

2. That a belt and belt buckle was used and is a dangerous weapon;

3. That the defendant assaulted Ashleigh Picotte with intent to do bodily harm to Ashleigh Picotte;

4. That the defendant is an Indian; and

5. That the offense took place in Indian country.

For you to find the defendant guilty of this crime as charged in Count III of the indictment, the government must prove all of these essential elements beyond a reasonable doubt. Otherwise, you must find the defendant not guilty of this crime.

INSTRUCTION NO. *13*

If you should unanimously find the defendant "Not Guilty" of the crime of assault with a dangerous weapon as charged in Count III the indictment, or if, after all reasonable efforts, you are unable to reach a verdict as to the crime charged in Count III of the indictment, then you must proceed to determine the guilt or innocence of the defendant as to the crime of simple assault under this instruction.

The crime of simple assault, a lesser included offense of the crime of assault with a dangerous weapon as charged in Count III of the indictment, has three essential elements, which are:

1. That on or about between the 1st day of August, 2000, and the 30th day of November, 2003, the defendant without just cause or excuse did voluntarily and intentionally assault Ashleigh Picotte;

2. That the defendant is an Indian; and

3. That the offense took place in Indian country.

For you to find the defendant guilty of this crime, a lesser included offense of the crime of assault with a dangerous weapon as charged in Count III of the indictment, the government must prove all of the essential elements of this lesser included offense beyond a reasonable doubt. Otherwise you must find the defendant not guilty of this crime.

INSTRUCTION NO. 14

The crime of assault resulting in substantial bodily injury to a child, as charged in Count IV of the indictment, has five essential elements, which are:

1.   That on or about between the 1st day of August, 2000, and the 30th day of November, 2003, the defendant without just cause or excuse voluntarily and intentionally assaulted Ashleigh Picotte;

2.   That the assault resulted in substantial bodily injury to the person of Ashleigh Picotte;

3.   That, at the time of the assault, Ashleigh Picotte had not attained the age of 16 years;

4.   That the defendant is an Indian; and

5.   That the offense took place in Indian country.

For you to find the defendant guilty of this crime as charged in Count IV of the indictment, the government must prove all of these essential elements beyond a reasonable doubt. Otherwise, you must find the defendant not guilty of this crime.

INSTRUCTION NO. _15_

The term "substantial bodily injury" as used in Instruction No. _14_ means bodily injury which involves:

1. a temporary but substantial disfigurement; or

2. a temporary but substantial loss or impairment of the function of any bodily member, organ or mental faculty.

INSTRUCTION NO. _16_

If you should unanimously find the defendant "Not Guilty" of the crime of assault resulting in substantial bodily injury to a child as charged in Count IV of the indictment, or if, after all reasonable efforts, you are unable to reach a verdict as to the crime charged in Count IV of the indictment, you should record that decision on the verdict form and go on to consider whether defendant is guilty of the crime of striking, beating or wounding under this Instruction.

The crime of striking, beating, or wounding, a lesser included offense of the crime of assault resulting in substantial bodily injury to a child as charged in Count IV of the indictment, has three essential elements, which are:

1. That on or about between the 1st day of August, 2000, and the 30th day of November, 2003, the defendant without just cause or excuse voluntarily and intentionally assaulted Ashleigh Picotte by striking, beating, or wounding her;

2. That defendant is an Indian; and

3. That the offense occurred in Indian country.

For you to find the defendant guilty of this crime, a lesser included offense of the crime of assault resulting in substantial bodily injury to a child as charged in Count IV of the indictment, the government must prove all of the essential elements of this lesser included offense beyond a reasonable doubt. Otherwise you must find defendant not guilty of this crime.

INSTRUCTION NO. __17__

The crime of aggravated sexual abuse of a child, as charged in Count V of the indictment, has four essential elements, which are:

1. That on or about between the 1st day of August, 2000, and the 31st day of March, 2002, Juan G. Rojas did voluntarily and intentionally cause or attempt to cause Kayla Hernandez to engage in a sexual act, namely the intentional touching, not through the clothing, of Kayla Hernandez's genitalia, with the intent to abuse, humiliate, harass or degrade Kayla Hernandez, or to arouse or gratify Juan G. Rojas' sexual desire;

2. That at the time of the alleged offense, Kayla Hernandez had not attained the age of 12 years;

3. That Juan G. Rojas is an Indian; and

4. That the alleged offense occurred in Indian Country.

For you to find the defendant guilty of this crime as charged in Count V of the indictment, the government must prove all of these essential elements beyond a reasonable doubt. Otherwise, you must find the defendant not guilty of this crime.

INSTRUCTION NO. _18_

The crime of abusive sexual contact with a child, as charged in Count VI of the indictment, has four essential elements, which are:

1. That on or about between the 1st day of August, 2000, and the 31st day of March, 2002, Juan G. Rojas did voluntarily and intentionally cause or attempt to cause Kayla Hernandez to engage in sexual contact, namely the intentional touching of Kayla Hernandez's genitalia, anus, groin, inner thigh, or buttocks, with the intent to abuse, humiliate, harass or degrade Kayla Hernandez, or to arouse or gratify Juan G. Rojas' sexual desire;

2. That at the time of the alleged offense, Kayla Hernandez had not attained the age of 12 years;

3. That Juan G. Rojas is an Indian; and

4. That the alleged offense occurred in Indian Country.

For you to find the defendant guilty of this crime as charged in Count VI of the indictment, the government must prove all of these essential elements beyond a reasonable doubt. Otherwise, you must find the defendant not guilty of this crime.

INSTRUCTION NO. _19_

The crime of assault with a dangerous weapon as charged in Count VII of the indictment has five essential elements, which are:

1.  That on or about between the 1st day of September, 2005, and the 5th day of September, 2005, the defendant without just cause or excuse voluntarily and intentionally assaulted Gabriel Medicine Eagle with a dangerous weapon.

2.  That a knife was used and is a dangerous weapon;

3.  That the defendant assaulted Gabriel Medicine Eagle with intent to do bodily harm to Gabriel Medicine Eagle;

4.  That the defendant is an Indian; and

5.  That the offense took place in Indian country.

For you to find the defendant guilty of this crime as charged in Count VII of the indictment, the government must prove all of these essential elements beyond a reasonable doubt. Otherwise, you must find the defendant not guilty of this crime.

INSTRUCTION NO. 20

The phrase "dangerous weapon" as used in Instruction Nos. 12 and 19 means any object capable of being readily used by one person to inflict bodily injury upon another person.

INSTRUCTION NO. 21

The term "assault" as used in these Instructions means any intentional and voluntary attempt or threat to do injury to the person of another, when coupled with the apparent present ability to do so sufficient to put the person against whom the attempt is made in fear of immediate bodily harm.

INSTRUCTION NO. _22_

The crimes charged in the indictment include attempts to commit those crimes. The defendant may be found guilty of an attempt if he intended to engage in the activities alleged in the counts of the indictment and he voluntarily and intentionally carried out some act which was a substantial step toward the commission of the alleged activity in question.

INSTRUCTION NO. 23

You will note that the indictment charges that the offenses were committed "on or about between" certain dates. The proof need not establish with certainty the exact date or dates of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on a date or dates reasonably near the date or dates alleged as to the offenses.

INSTRUCTION NO. 24

Intent may be proved like anything else.  You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

INSTRUCTION NO. _25_

The indictment in this case alleges that the defendant is an Indian and that the alleged offenses occurred in Indian country. The existence of those two factors is necessary in order for this Court to have jurisdiction over the case.

Counsel for the United States, counsel for the defendant, and the defendant have agreed or stipulated that the defendant is an Indian and that the place where the alleged incidents occurred is in Indian country.

The defendant has not, by entering this agreement or stipulation, admitted his guilt of the offenses charged, and you may not draw any inference of guilt from the stipulation. The only effect of this stipulation is to establish the facts that the defendant is an Indian and that the alleged incidents occurred in Indian country.

INSTRUCTION NO. _26_

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in Court.

A verdict form has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date and sign the form to state the verdicts upon which you unanimously agree, and then return with your verdicts to the courtroom.

INSTRUCTION NO. 27

The verdicts must represent the considered judgment of each juror. In order to return any verdict, it is necessary that each juror agree thereto. Your verdicts must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for himself or herself, but do so only after an impartial consideration of the evidence in the case with the other jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of the other jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. _28_

If you have questions, you may send a note by a marshal, signed by your foreperson, or by one or more members of the jury.

You will note from the oath about to be taken by the marshal that he, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person--not even to the Court--how the jury stands, numerically or otherwise, on the question of the guilt or innocence of the accused, until after you have reached unanimous verdicts.

INSTRUCTION NO. **29**

It is proper to add a final caution.

Nothing that I have said in these instructions -- and nothing that I have said or done during the trial -- has been said or done to suggest to you what I think your verdicts should be.

What the verdicts shall be is your exclusive duty and responsibility.

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 05-30114 |
| Plaintiff, | * | |
| -vs- | * | |
| | * | VERDICT |
| JUAN GERARDO ROJAS, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please return a verdict by placing an "X" in the space provided.

## COUNT I

We, the jury in the above entitled action, as to the crime of aggravated sexual abuse of a child, as charged in Count I of the indictment, find Juan Gerardo Rojas:

_____ NOT GUILTY          _____ GUILTY

## COUNT II

We, the jury in the above entitled action, as to the crime of aggravated sexual abuse of a child, as charged in Count II of the indictment, find Juan Gerardo Rojas:

_____ NOT GUILTY          _____ GUILTY

## COUNT III

We, the jury in the above entitled action, as to the crime of assault with a dangerous weapon, as charged in Count III of the indictment, find Juan Gerardo Rojas:

_____ NOT GUILTY          _____ GUILTY

If, and only if, you found Juan Gerardo Rojas NOT GUILTY of Count III, or if, after all reasonable efforts, you are unable to reach a verdict on Count III, then you must deliberate on the lesser included offense of simple assault, and complete the following:

We, the jury in the above entitled action, as to the crime of simple assault, a lesser included offense of Count III of the indictment, find Juan Gerardo Rojas:

_____ NOT GUILTY      _____ GUILTY

## COUNT IV

We, the jury in the above entitled action, as to the crime of assault resulting in substantial bodily injury to a child, as charged in Count IV of the indictment, find Juan Gerardo Rojas:

_____ NOT GUILTY      _____ GUILTY

If, and only if, you found Juan Gerardo Rojas NOT GUILTY of Count IV, or if, after all reasonable efforts, you are unable to reach a verdict on Count IV, then you must deliberate on the lesser included offense of striking, beating, or wounding, and complete the following:

We, the jury in the above entitled action, as to the crime of assault by striking, beating, or wounding, a lesser included offense of Count IV of the indictment, find Juan Gerardo Rojas:

_____ NOT GUILTY      _____ GUILTY

## COUNT V

We, the jury in the above entitled action, as to the crime of aggravated sexual abuse of a child, as charged in Count V of the indictment, find Juan Gerardo Rojas:

_____ NOT GUILTY      _____ GUILTY

**COUNT VI**

We, the jury in the above entitled action, as to the crime of abusive sexual contact with a child, as charged in Count VI of the indictment, find Juan Gerardo Rojas:

_____ NOT GUILTY        _____ GUILTY

**COUNT VII**

We, the jury in the above entitled action, as to the crime of assault with a dangerous weapon, as charged in Count VII of the indictment, find Juan Gerardo Rojas:

_____ NOT GUILTY        _____ GUILTY

Dated this _____ day of June, 2006.

_____
Foreperson