

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 05-30114 |
| Plaintiff, | \* | |
| -vs- | \* | OPINION AND ORDER |
| JUAN GERARDO ROJAS | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The defendant was convicted of three counts of aggravated sexual abuse of a child, one count of abusive sexual contact with a child, one count of simple assault and one count of assault by striking, beating, or wounding. Prior to sentencing he filed a motion for new trial on the basis of newly discovered evidence, namely the alleged recantation by one of the victims of aggravated sexual abuse. I denied the motion without an evidentiary hearing. He was sentenced on December 11, 2006, to life imprisonment. Defendant appealed and the United States Court of Appeals for the Eighth Circuit remanded the matter for an evidentiary hearing on the motion for a new trial. United States v. Rojas, ___ F.3d ___, 2008 WL 819080 (March 28, 2008).

I conducted an evidentiary hearing on June 18, 2008. Testimony was received from the mother of the two female victims who confirmed that the defendant had made a very large number of telephone calls to her residence. The defendant has attempted to influence two of the victims and their mother. It is also clear that the victim other than A.P. has never recanted and has consistently claimed that she was sexually abused on multiple occasions by the defendant. I find the testimony of the mother to be entirely credible.

A.P. (a/k/a A.H.) also testified and I find her testimony to be entirely credible. She admitted her recantations and explained why she had done that. She felt she would be blamed for depriving her two younger siblings of their father and for "breaking up" the family. She confirmed that her testimony at trial was truthful. I questioned her myself and I believe her testimony at trial and on June 18 was truthful.

The Eighth Circuit "view[s] with suspicion motions for new trial based on the recantation of a material witness because '[t]he stability and finality of verdicts would be greatly disturbed if courts were too ready to entertain testimony from witnesses who have changed their minds, or who claim to have lied at the trial.'" United States v. Rouse, 410 F.3d 1005, 1009 (8th Cir. 2005) (*quoting* United States v. Grey Bear, 116 F.3d 349, 350 (8th Cir.1997)). "This skepticism 'is especially applicable in cases of child sexual abuse where recantation is a recurring phenomenon,' particularly 'when family members are involved and the child has feelings of guilt or the family members seek to influence the child to change her story.'" United States v. Rouse, 410 F.3d at 1009 (*quoting* United States v. Provost, 969 F.2d 617, 621 (8th Cir.1992)).

> To receive a new trial, the movant must show that "the newly discovered evidence is of such a nature that, in a new trial, [it] would probably produce an acquittal." *United States v. Papajohn*, 212 F.3d 1112, 1118 (8th Cir.2000) (quotation omitted). When the claim of newly discovered evidence is based on a recantation, the district court must first determine whether the recantation is credible. In this regard, "the real question ... is not whether the district judge believed the recantation, but how likely the district judge thought a jury at a second trial would be to believe it." *Grey Bear*, 116 F.3d at 350. Our review of this credibility finding for clear error is extremely deferential. *See Grey Bear*, 116 F.3d at 351.

United States v. Rouse, 410 F.3d at 1009.

The evidence that victim A.P recanted was not discovered until after trial. Defendant exercised due diligence. The evidence is certainly material. It is more than impeachment since the testimony came from one of the victims. It is not merely cumulative.

Defendant's motion for new trial fails for two reasons other than what I have already identified. First, I find that the June 2006, recantations are not credible.

Defendant's motion fails for a further reason. Recanted testimony that bears on a victim's credibility or directly on the defendant's guilt will warrant a new trial if it would probably produce an acquittal on retrial. Lewis v. Erickson, 946 F.2d 1361, 1362 (8th Cir. 1991)." United States v. Dogskin, 265 F.3d at 685. I am not convinced that the testimony "would probably produce an acquittal on retrial." A.P. recanted shortly after the trial. The evidence shows that the defendant repeatedly called and spoke to A.P. and her mother. He expressed his love for them and his hope that they could live together as a family once again.

Two years have now elapsed and the victim, who is now 13 years old, has "recanted her recantation." She now states that she told the truth at trial and only lied after trial to make her mother and siblings happy. At a new trial, the jury would hear all the evidence testified to originally, that for a short period of time after the trial the victim recanted her accusations, and, finally, that the victim now stands by her accusations. The jury would also hear of the defendant's conduct involved in the counts of conviction as to which there has been no recantations. At a new trial, the evidence would not "probably produce an acquittal." The evidence would again probably produce guilty verdicts.

I have allowed defendant's attorney to submit a letter brief and I have carefully considered that as well.

Now, therefore,

IT IS ORDERED that the motion for a new trial is denied.

Dated this 24th day of June 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Barbara J. Raeshe
            DEPUTY
(SEAL)