

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

*******************************************************************************

| | | |
|---|---|---|
| JUAN GERARDO ROJAS, | * | CIV 09-3004 |
| | * | CR 05-30114 |
| Petitioner, | * | OPINION AND ORDER ADOPTING |
| -vs- | * | REPORT AND RECOMMENDATION |
| | * | AND DENYING |
| UNITED STATES OF AMERICA, | * | MOTION TO VACATE SENTENCE |
| | * | AND ORDER DENYING |
| Respondent. | * | CERTIFICATE OF APPEALABILITY |
| | * | |

*******************************************************************************

Petitioner was convicted of two counts of aggravated sexual abuse of AP, lesser included offenses of simple assault and assault by striking, beating, or wounding AP, and aggravated sexual abuse and abusive sexual contact of KH. Petitioner was sentenced to life imprisonment.

Petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his convictions and sentence. Upon initial consideration, I denied the motion to vacate as to claims that counsel was ineffective in failing to object to the prosecution's evidence and failing to consult with an expert as to the admissibility and reliability of the prosecution's expert. I also denied the motion to vacate as to claims that I erred in denying the motion for a new trial. I ordered petitioner to supplement his motion to vacate as to his claims that counsel was ineffective in failing to conduct an adequate pre-trial investigation.

In his supplement, petitioner asserted new claims that counsel was ineffective in failing to call an expert witness as to child sexual abuse, in failing to investigate a prior allegation of sexual abuse by the two victims in this case, and in failing to put into evidence video tapes, audio tapes, or transcripts of the forensic interviews of the child witness/victims. I again conducted an initial consideration of the supplemented claims. I denied the motion to vacate except for the claim that counsel was ineffective in failing to seek the admission of video tapes of the forensic interviews of the children to show that the interviewer impermissibly suggested sexual abuse to the children.

The Court submitted the above-entitled matter to U.S. Magistrate Judge Mark A. Moreno and the magistrate judge submitted his report and recommendation to the Court on February 2, 2010, Doc. 20. The report and recommendation was served on the petitioner as required by 28 U.S.C. § 636. Petitioner timely filed objections. The Court has conducted a *de novo* review of the file.

Petitioner objected to the Magistrate's failure to appoint counsel, failure to hold an evidentiary hearing, and recommendation that the motion to vacate be denied. The only issue remaining is whether trial counsel was ineffective in failing to offer the video tapes or transcripts of the interviews of the child victims. The Magistrate reviewed the video tapes and determined that counsel was not ineffective in failing to seek the admission of such evidence. Further, the magistrate determined that petitioner was not prejudiced by counsel's failure to seek the admission of such evidence. In fact, after a review of the video tapes, the Magistrate was convinced that admission of the video tapes or transcripts would have further prejudiced the petitioner's case and supported the jury's verdicts. Since the magistrate independently reviewed the evidence, no evidentiary hearing was necessary. Nor was there a need for the appointment of counsel to review and present the tapes. I also listened to the tapes and I agree completely with the magistrate.

I was the trial judge and observed counsel. I also heard all the evidence and arguments. I have read the report and recommendation and the defendant's responses thereto. I find that the report and recommendation of the magistrate judge should be accepted and the motion to vacate should be denied.

Based upon the foregoing,

IT IS ORDERED:

1. The report and recommendation of the U.S. Magistrate Judge, Doc. 20, shall be and is hereby adopted as the findings of fact and conclusions of law herein.

2. The defendant's objections, Doc. 25, are overruled.

3. The motion to vacate, set aside, or correct defendant's conviction and sentence, Doc. 1, is denied.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's motion to vacate, set aside, or correct sentence. No certificate of appealability will be granted. 28 U.S.C. § 2253(c). This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

Dated this 9th day of April, 2010.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J Paepke
         DEPUTY
(SEAL)